**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LORENZO ARREDONDO,       ) | |
|      Plaintiff,          ) | |
|                    ) | |
| v.                 ) | CAUSE NO.: 2:21-CV-326-TLS-JPK |
|                    ) | |
| FRONA R. KASSENS,     ) | |
|      Defendant.     ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Frona R. Kassens invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Lorenzo Arredondo and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy (subject to later challenge). However, the allegations are insufficient as to the citizenship of either Plaintiff or Defendant.

The Notice of Removal states that "Plaintiff is a resident of Lake County, Indiana, and therefore, a citizen of the State of Indiana," and "Defendant is a resident of Cook County, Illinois, and therefore, a citizen of the State of Illinois." (DE 1 ¶¶ 13-14). These allegations are insufficient

for the purpose of determining citizenship. "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege the citizenship of Plaintiff as well as her own citizenship as outlined above. Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **October 28, 2021**, a supplemental jurisdictional statement that properly alleges the citizenship of each party as stated above.

So ORDERED this 21st day of October, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT