UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORENZO ARREDONDO, )<br>    Plaintiff, )<br> )<br>v. )   CAUSE NO.: 2:21-CV-326-TLS-JPK<br> )<br>FRONA R. KASSENS, )<br>    Defendant. ) | |

## OPINION AND ORDER

This case was removed from state court by Notice of Removal filed on October 19, 2021 by Defendant Frona R. Kassens. [DE 1].

On October 21, 2021, the Court ordered Defendant to file a supplemental jurisdictional statement that properly alleges the citizenship of each party as explained in the Order. The Order explained to Defendant that "[a]llegations of residency in a state are not sufficient" to allege federal court subject matter jurisdiction on the basis of diversity of citizenship. [DE 6 at 2].

On October 28, 2021, Defendant filed a Statement of Supplemental Jurisdiction in which she basically repeated the Notice or Removal's allegations that Plaintiff and Defendant are *residents* of different states. *See* DE 7 ¶ 5 (alleging that, "[a]ccording to medical records produced by counsel for the Plaintiff, Plaintiff, Lorenzo Arredondo is a resident of Lake County, Indiana and resides at 918 Cypress Pointe Drive, A-11, Crown Point, Indiana 46307"); *id.* ¶¶ 6-7 (alleging that "[t]he Defendant, Frona R. Kassens is a resident of Cook County, Indiana and resides at 13118 Buffalo Avenue, Chicago, Illinois 60633," that she "lived at the Buffalo Avenue, Chicago address at the time this accident occurred," and that she "is still residing at that address as it is her permanent residency").

As the Court previously informed Defendant, "citizenship of a natural person for diversity purposes is determined . . . by the person's *domicile* . . . , which means *the state where the person is physically present with an intent to remain there indefinitely*." DE 6 at 2 (emphasis added); *see Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003) (domicile requires allegations that a party is physically present in a place with the intent to remain there indefinitely). Residency is not the equivalent of domicile, and in this Circuit an allegation of residency is not sufficient by itself to properly allege citizenship. *See id.*

The Seventh Circuit has ordered a case dismissed "where litigants fail to . . . correct deficient allegations of diversity of citizenship after being instructed to do so." *Tylka v. Gerber Prod. Co.,* 211 F.3d 445, 448 (7th Cir. 2000); *see also Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("Despite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends."). Although the complaint is subject to remand on these grounds, Defendant will be allowed one more opportunity to correctly allege the citizenship of Plaintiff and Defendant based not on residency but domicile, with domicile defined, again, not by residency but by the place where Plaintiff and Defendant were each physically present with the intent to remain indefinitely at the time suit was filed. Defendant's allegation of Plaintiff's domicile may be based on Plaintiff's known address with the further allegation that the known address is, on information and belief, the place where Plaintiff is physically present with the intent to remain indefinitely.

Accordingly, Defendant is **ORDERED** to file a second supplemental jurisdictional statement or before **November 8, 2021** that adequately alleges her own, as well as Plaintiff's, citizenship for purposes of diversity jurisdiction. Defendant's failure to adequately allege diversity jurisdiction by this date may result in the case being remanded to state court for lack of federal court subject matter jurisdiction without further notice.

So ORDERED this 2nd day of November, 2021.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT
